# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### DOCKET NO. 3:96-cr-00028-W

| | | |
|---|---|---|
| **RODNEY SPAIN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

THE MATTER is before the Court on Petitioner's Pro Se Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines § 1B1.10(c) (Doc. No. 179), filed January 16, 2007. Petitioner requests that this Court give retroactive effect to Amendment 591 of the United States Sentencing Guidelines ("USSG") to reduce his sentence. The Court, while in agreement with Petitioner that Amendment 591 does have retroactive effect, see USSG. § 1B1.10(c), declines to reduce Petitioner's sentence for the reasons stated below. Petitioner's motion is therefore DENIED.

Amendment 591 requires the sentencing court to apply the offense guideline referenced in the Statutory Index in Appendix A for the statute of conviction. USSG App. C, Amend. 591. The amendment clarified USSG §§ 1B1.1 and 1B1.2, which some circuits had interpreted as permitting a court to use an offender's actual conduct in selecting the offense guideline, even if that conduct was not charged in the indictment. See United States v. Rivera, 293 F.3d 584, 586-87 (2d Cir.2002).

Petitioner contends that the indictment for which he was charged did not allege the essential elements to sustain a sentencing guideline of USSG § 2A1.1 for first-degree murder, nor did he admit or stipulate to the greater offense of first-degree murder as required under § 1B1.2(a). On the

contrary, Defendant entered in a guilty plea to counts eleven (11) and twelve (12) of the indictment, both of which charged first-degree murder. Thus, Petitioner's argument is wholly without merit in light of the record in this case. Moreover, the government moved for a downward departure pursuant to USSG § 5K1.1, resulting in a reduction of Petitioner's sentence from the guideline recommendation of life imprisonment to two concurrent terms of 360 months imprisonment.

Even assuming arguendo that a reduction in Petitioner's sentence is warranted under the amendment, he is not entitled to a sentence reduction as a matter of right. Here, the Court, in its discretion, would not provide a sentence less than the concurrent terms of 360 months imprisonment imposed in this matter. See U.S. v. Vautier, 144 F.3d 756, 761-62 (11th Cir. 1998) ("[W]hether to consider a downward departure in determining what sentence the court would have imposed under the amended guideline remains discretionary, and the court is not bound by its earlier decision at the original sentencing to depart downward from the sentencing guidelines range . . . . .[A]cceptance of [the defendant's] arguments would mean that when an amended guideline becomes retroactive, a district court is required to reduce a defendant's sentence at least to some extent if a reduction in an offense level under an amended guideline . . . equals or is greater than a prior downward departure . . . ; however, that is not the law.").

Moreover, Section 3582 "permits, but does not require a district court to re-sentence a defendant." United States v. Brown, 104 F.3d 1254, 1255 (11th Cir.1997). If a court has the power to re-sentence a defendant due to an amended sentencing guideline, the court may do so only "after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2). For purposes of Petitioner's § 3582(c)(2) motion, the Court considers it sufficient to state that it has reviewed Petitioner's case and has considered the factors in 18 U.S.C. § 3553(a).

The Court need not identify the § 3553(a) factors that it considers inapplicable or inconsistent with a sentence reduction, the United States Court of Appeals for the Fourth Circuit has held that such a "ritualistic incantation" is unnecessary. United States v. Legree, 205 F.3d 724, 727-28 (4th Cir. 2000). Rather, "[i]t is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling." Id. (quoting United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995)); see also United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998) (stating that such a mandatory listing would change sentencing into a "hyper-technical exercise devoid of common sense," something Congress never intended). Finally, it is unnecessary to conduct a hearing when considering a § 3582(c) motion. Legree, 205 F.3d at 730. Having considered the factors in § 3553(a), the Court would not exercise its discretion to reduce Petitioner's sentence.

IT IS, THEREFORE, ORDERED that Defendant's Motion for Reduction of Sentence (Doc. No. 179) is DENIED.

IT IS SO ORDERED.

Signed: October 29, 2007

Frank D. Whitney
United States District Judge